NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0201n.06

No. 11-2144

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Feb 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID LEE OLIVER, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  GUY, DAUGHTREY, and STRANCH, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  Defendant David Oliver pleaded guilty to a charge of aiding and abetting bank robbery and received a 102-month sentence. On appeal, Oliver alleges that the district court committed an otherwise unidentified constitutional error by failing to state explicitly that the court found Oliver guilty of the offense to which he had just entered a guilty plea.  Oliver also claims that the district court's upward variance and upward departure from the recommended Guidelines range were both substantively and procedurally unreasonable.  We find no reversible error and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The record developed at Oliver's plea hearing established that in January 2011, he robbed the Huntington National Bank in Grand Rapids, Michigan, obtaining $8,000.  Later

that same day, Oliver told Albert Thomas that he had robbed a bank and suggested to Thomas that they should commit another robbery together. Some two weeks later, Thomas entered a branch of Fifth Third Bank alone and handed the teller a note written by Oliver that said, "This is a robbery don't make it a killing." Thomas obtained $1,520 from the teller, then ran to a location where he and Oliver had agreed to meet after the robbery. Thomas was apprehended later that day; Oliver was arrested four months later and was charged in a three-count indictment with robbing the Huntington National Bank, conspiring to rob the Fifth Third Bank, and aiding and abetting the latter robbery. Pursuant to a plea agreement, the government dismissed two of the counts in exchange for Oliver's guilty plea to the aiding-and-abetting charge contained in the remaining count.

At the plea hearing, the district judge determined that Oliver was competent to proceed and that he understood the consequences of his plea, the potential sentence under the applicable sentencing guidelines, and the rights he would sacrifice by pleading guilty. Following the plea colloquy, the district judge declared, "I will accept your guilty plea . . . . The adjudication of guilt is a matter of record."

In preparing the presentence report, the probation officer took note of Oliver's history of mental and physical health problems, including a diagnosis of bipolar disorder in 2005, his medical record of strokes and hypertension, and his long-term history of alcohol and drug dependency. Also, despite noting "some hesitation" in crediting Oliver with acceptance of responsibility, the probation officer recommended granting the

defendant a three-point reduction in his offense level (from 24 to 21). At age 56, Oliver's criminal history extended in an almost unbroken line from juvenile offenses beginning in 1968 through the 2011 robberies, including convictions for burglary, larceny, felonious assault, prison escape, robbery from the person, and multiple driving offenses. Although all of these prior offenses were noted in the presentence report, only Oliver's convictions for two prior bank robberies in 1995, one drug charge in 2008, and two larceny charges in 2008 and 2010 were used to calculate the defendant's criminal history category. Because Oliver had been in jail for 10 of the last 15 years, the probation officer concluded that all the earlier criminal charges were outside the applicable 15-year period provided in § 4A1.2(e) of the United States Sentencing Guidelines Manual.

Based upon the defendant's Guidelines scores, the presentence report recommended a sentencing range of 57 to 71 months. Prior to the sentencing hearing, the government moved for an upward departure or variance, or both, arguing that Oliver's criminal history score understated his actual criminal record and risk of recidivism. At the hearing, the court granted the government's motion, finding "essentially no breaks in criminal activity with the exception of . . . time that Mr. Oliver [wa]s in custody." The court also noted that the imposition of a lengthy sentence (11 to 30 years) in state prison for the 1995 bank robberies had not deterred Oliver from committing two more bank robberies under virtually identical circumstances in the instant case. Focusing on the apparent lack of deterrent effect, the district judge determined that he could not justify sentencing Oliver

to serve less time for the 2011 robberies than the nine years he had actually served for the 1995 robberies.

As a result, the district court granted an upward departure in the criminal history calculation. Without considering any criminal activity outside the 15-year period set by § 4A1.2(e), the court found that "category IV on this record [wa]s a substantial understatement of both the seriousness of Mr. Oliver's prior criminal history and the likelihood of recidivism" and that category V was a "more appropriate basis [on which] to assess [his criminal history]." After accounting for other factual considerations, the district court determined that "an intended sentence of 102 months" would be appropriate. The court noted that even with the variance, Oliver's sentence would be within the guidelines based on a category V criminal-history calculation.

## DISCUSSION

**District Court's Adjudication of Guilt**

On appeal, Oliver first alleges an error that we find completely baseless – both legally and factually – asserting that the district court's failure to declare "I find you guilty" at the plea hearing constituted a constitutional violation and invalidates his conviction. The government contends that because the defendant did not object during the hearing to the district judge's failure to invoke that terminology, we may review the alleged violation for plain error only. We agree. It is well-settled that a "silent defendant has the burden to

satisfy the plain-error rule." *United States v. Vonn*, 535 U.S. 55, 59 (2002); *see also United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012). On plain-error review, the "defendant 'must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings.'" *United States v. Lalonde*, 509 F.3d 750, 757-58 (6th Cir. 2007) (quoting *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005)).

The defendant responds by contending that plain error review is improper because the judge's omission amounts to a "structural error," constituting a "per se violation[ ] of a constitutional right." However, defense counsel has failed to identify what constitutional provision has been violated. Moreover, counsel's insistence that the district court also failed to "memorialize [a finding of guilt] in writing on the record" is flatly contradicted by the district court's judgment. That document reads in part, "The defendant was adjudicated guilty of these offense(s): 18 U.S.C. § 2113(a) . . . Bank Robbery." In fact, counsel designated the judgment for inclusion in the appellate record and should have been familiar with its contents. We therefore decline to decide whether our review should be for plain error or not, because we conclude that there was no error at all.

**Procedural and Substantive Reasonableness of the Sentence**

Oliver next contends that the 102-month sentence he received was unreasonable, a question that we evaluate under an abuse-of-discretion standard of review. *United*

*States v. Phinazee*, 515 F.3d 511, 514 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). "The reasonableness review is split into two parts: procedural reasonableness and substantive reasonableness." *United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010). The procedural reasonableness of a sentence is determined by the absence of a "'significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Johnson*, 640 F.3d 195, 201-02 (6th Cir. 2011) (quoting *Gall*, 552 U.S. at 51). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted). "Sentences that are properly calculated and within the applicable Guidelines range are presumptively reasonable." *Benson*, 591 F.3d at 500. Sentences falling outside the range are neither presumptively reasonable nor presumptively unreasonable. *United States v. Tate*, 516 F.3d 459, 469-70 (6th Cir. 2008) (citing *United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007)).

**Procedural Reasonableness**

An inquiry into the procedural reasonableness of a sentence proceeds in three steps. "First, we must ensure that the district court 'correctly calculat[ed] the applicable Guidelines range' which [is] 'the starting point and initial benchmark' of its sentencing analysis." *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (first alteration in the original) (quoting *Gall,* 552 U.S. at 49); *see also Johnson*, 640 F.3d at 202. Second, the district court must give "'both parties the opportunity to argue for whatever sentence they deem appropriate'" while "'consider[ing] all of the § 3553(a) factors to determine whether they support the sentence requested by [each] party.'" *Id.* at 579-80 (second alteration in the original) (quoting *Gall*, 552 U.S. at 49-50). Third, the reviewing court must ensure that the district court "'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *Id.* at 580 (alteration in the original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

The preliminary question, then, is whether the district court committed a significant procedural error in calculating the Guidelines range. In this case, the court accepted the presentence report's calculation of the appropriate range, before considering any departures or variances from it. Neither party objected to the initial Guidelines range identified by the district court.

Next, we must determine whether the district court sufficiently considered the appropriate § 3553(a) factors when increasing Oliver's sentence to 102 months, which

reflected both a departure and a variance from the suggested Guidelines sentencing range. In contrast to a departure, a "'variance' refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)." *United States v. Grams*, 566 F.3d 683, 686-87 (6th Cir. 2009)(citing *Smith*, 474 F.3d at 896 n.3 (Gibbons, J., concurring)). Although departures and variances are often evaluated based on the "same facts and analyses," the standards for each modification remain "distinct" and should be reviewed as such. *Grams*, 566 F.3d at 687. Generally, departures pursuant to § 4A1.3 of the Guidelines necessitate consideration of a narrower set of factors than § 3553(a) variances. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010) ("Simply stated, 'variances from Guidelines ranges that a District Court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a) include a much broader range of discretionary decisionmaking' than departures" (quoting *United States v. Stephens*, 549 F.3d 459, 466-67 (6th Cir. 2008)).

The district court first increased Oliver's criminal history category from IV to V. Section 4A1.3(a) of the Sentencing Guidelines allows for such upward departures "when a defendant's criminal history category does not adequately reflect his criminal history." *United States v. Griffin*, 530 F.3d 433, 440 (6th Cir. 2008). The district court focused on the limited period of the 15-year criminal history specified by the Guidelines. Because Oliver was either in custody or involved in criminal activity during that time, the court

considered Category IV an inadequate measure of Oliver's "pattern of criminal activity . . . [which] reflects badly and predicts ongoing recidivist conduct."

This departure alone is insufficient to explain the 102-month sentence, however. Increasing Oliver's criminal history category from IV to V would justify a Guidelines sentence of 70-87 months. To impose a 102-month sentence, the district court was required to justify an upward variance. In this regard, the district court considered Oliver's criminal record in the context of "variance factor[s]," including the striking similarities between the 1995 and 2011 robberies and the possibility that without a variance, the 2011 conviction could result in a sentence shorter than the sentence Oliver served following his conviction for the 1995 bank robberies. The court looked to "the need to deter Mr. Oliver from further wrongdoing, the need to deter other members of the public who may be similarly inclined[,] . . . [t]he need to promote respect for the law generally[,] . . . and the need to promote rehabilitative opportunities." We find no abuse of discretion in the court's determination that a variance was appropriate.

Finally, for a sentence to be considered procedurally reasonable, the district court must provide an adequate explanation for the sentence, so that a reviewing court may properly understand the basis for the sentencing decision. The adequacy of an explanation is evaluated under the same analysis, "'regardless of whether the sentence enhancement constitutes a Guidelines departure or a § 3553(a) variance.'" *Johnson*, 640 F.3d at 205 (quoting *Vowell*, 516 F.3d at 510). This requirement has two components:

"'First, a district court must explain the reasons justifying a departure, and, second, evidence of those reasons must appear in the record.'" *Id.* (quoting *Smith*, 474 F.3d at 894).

As discussed above, the district court explained its upward variance and upward departure by reference to the presentence report, which contained factual findings undisputed by the parties. The district court discussed its concern with assigning Oliver a criminal history category of IV, given the extent and continuity of the defendant's criminal activity. The district court further analyzed Oliver's criminal record – in particular the similarity between the 1995 and 2011 robberies – in explaining why a longer sentence was necessary to deter Oliver and others and to punish the defendant's recidivism. The district judge did not abuse his discretion in relying upon these factors in light of the record before him.

The defendant faults the district court for failing to take into consideration the role that his bipolar disorder played in his extensive criminal history. However, the district judge was unquestionably aware of Oliver's mental condition, which was discussed in the presentence report and at both the plea hearing and the sentencing hearing. The issue was also raised in the defendant's sentencing memorandum, in the context of asking for placement in a "federal institution that could best assist [Oliver]." The district judge responded to these arguments by calling 102-month sentence "adequate punishment" given Oliver's "very real addiction problem and . . . mental health dimensions." The district

judge thus showed himself to be "fully aware of defendant's various physical ailments" by imposing a sentence that he believed to "take[ ] them into account" and to be "appropriate." *Rita*, 551 U.S. at 358. The district judge's explanation, although somewhat cursory, is sufficient to show the court's consideration of Oliver's health, a possible § 3553(a) factor counseling against a longer sentence.

Because the district judge followed the dictates of this court and the United States Supreme Court in calculating the Guidelines range and in considering the appropriate sentencing factors, we conclude that the 102-month sentence imposed upon Oliver was procedurally reasonable.

**Substantive Reasonableness**

In arguing that his sentence is substantively unreasonable, Oliver first objects to the district court's consideration of prior convictions greater than 15 years old. The record reflects, however, that at Oliver's sentencing hearing the district judge took notice of several appropriate § 3553(a) factors, focusing much of its discussion on § 3553(a)(2)(B) ("the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"). Such concern with deterrence and recidivism was not arbitrary but, instead, reflected the district court's weighing of the parties' contentions. In particular, the parallelism between the 1995 and 2011 robberies weighed heavily in the district court's reasoning. The court also observed that Oliver would be provided medical and addiction treatment in custody, suggesting the relevance of § 3553(a)(2)(D) ("to provide the

defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner") as well. Given his consideration of these factors, we cannot say that the district judge abused his discretion by concluding that a 102-month sentence was appropriate.

The defendant also argues that his "return to the criminal justice system . . . must be evaluated in light of his bipolar disorder." Citing a University of Texas study, the defendant notes that those with "untreated bipolar disorder are more likely to have contact with the criminal justice system and have higher rates of incarceration than the general public," as well as substance abuse issues. The defendant suggests that this causal relationship renders his sentence substantively unreasonable for two reasons.

Oliver contends, first, that his bipolar disorder helps explain his extensive criminal history and, as a result, that the sentencing court was misguided in its evaluation of his recidivism. Specifically, Oliver posits that his repeated offenses are not proof that his prior sentences have failed to deter future criminal activity but are instead the consequence of his mental illness. But the district court clearly took Oliver's mental illness into consideration in his sentencing. Indeed, the judge seemed to feel that he could have imposed an even greater custodial sentence but found it unnecessary precisely because of Oliver's mental and physical condition, finding 102 months "adequate" punishment because of Oliver's "real addiction problem" with "mental health dimensions."

Second, in light of his mental condition, Oliver suggests that 102 months may be so severe a sentence as to "impair his rehabilitation," citing two cases to bolster his argument. Unfortunately for Oliver, neither case supports his claim. In *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006), we found a district court's downward variance reasonable for a defendant whom the court considered to be an "outlier." The defendant did not have an extensive criminal history, but still fell into category IV under the Guidelines – a result the judge found inappropriate. As part of his sentencing, the judge also ordered mental health counseling for the defendant to confront childhood trauma; however, the judge gave no indication that the defendant's mental health condition figured into his decision to grant a downward variance. *Id.* at 809. Similarly, in *Gall*, the Supreme Court quoted a district court's determination that the defendant's lack of criminal history and withdrawal from the criminal conspiracy, as well as his post-offense conduct, suggested that probation was a more appropriate punishment than incarceration. 552 U.S. at 44-45. Again, neither the district court nor the appellate courts suggested that Gall's mental health condition warranted a lower sentence because a longer sentence for a mentally ill individual would "impair his rehabilitation." Thus, the district court's failure to view a 102-month sentence as a potential inhibition to Oliver's rehabilitation was not obviously unreasonable. Nor did the district court abuse its discretion in deciding that a 102-month sentence adequately balanced the needs for rehabilitation and punishment.

Oliver has thus failed to establish that the sentence imposed upon him was substantively unreasonable.

**CONCLUSION**

For the reasons set out above, we conclude that the district court properly complied with the requirements of Federal Rule of Criminal Procedure 11 in accepting Oliver's guilty plea. In addition, the 102-month sentence imposed upon the defendant was, under the facts of this case, both procedurally and substantively reasonable. We therefore AFFIRM the judgment of the district court.