**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0163n.06

No. 13-5468

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 27, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JARROD DUNCAN TAYLOR, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM. Jarrod Duncan Taylor challenges his 150-month sentence as substantively unreasonable. As set forth below, we affirm.

Taylor pleaded guilty without a plea agreement to a four-count indictment charging him with conspiracy to distribute and possess with intent to distribute pills containing oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i),(a)(1)(B)(i), and (h), and two counts of distribution of pills containing oxycodone in violation of 21 U.S.C. § 841(a)(1). In accordance with the presentence report, to which Taylor withdrew his objections, the district court attributed to him the distribution of more than 10,000 oxycodone tablets, resulting in a guidelines range of 168 to 210 months of imprisonment. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court varied downward from that range and sentenced Taylor to 150

months of imprisonment.  Taylor now challenges his below-guidelines sentence as substantively unreasonable.

We review the substantive reasonableness of Taylor's sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)."  *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010).  "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor."  *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).  Given that we afford a within-guidelines sentence a rebuttable presumption of substantive reasonableness, Taylor's burden of demonstrating that his below-guidelines sentence "is unreasonably long is even more demanding."  *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

Taylor contends that his sentence is substantively unreasonable because the district court addressed his arguments for a below-guidelines sentence as grounds for a guidelines-based downward departure only, rather than, as he asserted, grounds for a downward variance based on the § 3553(a) sentencing factors.  *See United States v. Grams*, 566 F.3d 683, 687 (6th Cir. 2009) ("While the same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance, the concepts are distinct.").  In his sentencing memorandum, Taylor specifically requested a downward departure and a downward variance based on his age and reduced risk of

recidivism. (Page ID# 174). At sentencing, the district court addressed Taylor's request and concluded that a downward departure was not warranted: "The risk of recidivism based on the defendant's age is ordinarily directly proportional to someone's age, as I indicated. So the fact that you are 29 years old, I don't believe you meet that general criteria." (Page ID# 266). The district court went on to address whether a downward variance was appropriate based on the § 3553(a) sentencing factors, noting: "The abuse you suffered as a child; your individual circumstances; the number of pills; the fact that pill trafficking is such an epidemic problem here in this part of the country, especially in northeastern Kentucky; providing a deterrence to others." (Page ID# 268). In doing so, the district court explicitly considered Taylor's arguments regarding his age and reduced risk of recidivism:

> One of the other factors that the court has to consider is . . . the need to avoid an unwarranted sentencing disparity among similarly situated defendants convicted of similar offenses.
>
> I think the grounds that your attorney has asked for a departure would create such a disparity; your age, your reduced risk of recidivism based on your age. The fact that you've shown remorse, that's really no different than any other defendant. Your desire for rehabilitation is really no different than any other defendant. So those really don't [warrant a variance].

(Page ID# 268-69). The record belies Taylor's claim that the district court did not address his arguments as grounds for a downward variance.

Taylor has failed to demonstrate that his 150-month sentence is substantively unreasonable. Accordingly, we affirm the district court's judgment.