NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0185n.06

Nos. 13-3250/3264

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>NAYYIR MAHDI, aka Willie Jones,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**

Mar 10, 2014

DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

BEFORE: BOGGS and MOORE, Circuit Judges; BARRETT, District Judge.[*]

PER CURIAM. Nayyir Mahdi, a.k.a. Willie Jones, appeals his sentence.

In two separate cases, Mahdi was charged with numerous offenses, including knowingly possessing stolen goods, in violation of 18 U.S.C. § 659, cultivating marijuana plants, in violation of 21 U.S.C. § 841(a)(1), and maintaining a residence for manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a). Mahdi pleaded guilty to those three charges. The district court determined that, based on his total offense level of 13 and criminal history category of IV, Mahdi's guidelines range of imprisonment was 24 to 30 months. The court sentenced him to concurrent prison terms of 48 months.

Mahdi filed a notice of appeal in each of his cases, and the cases have been consolidated. On appeal, Mahdi raises the following arguments: (1) the district court failed to follow the

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

proper procedure when departing upward from the guidelines under USSG § 4A1.3; (2) the court

failed to give him proper notice of its intent to depart upward from the guidelines; (3) the court

mischaracterized facts related to his prior convictions; and (4) the sentence was substantively

unreasonable because the court selected it arbitrarily and based it on impermissible factors.

We review a sentence for both procedural and substantive reasonableness using an abuse-

of-discretion standard. *United States v. Hockenberry*, 730 F.3d 645, 671 (6th Cir. 2013). A

sentence is procedurally unreasonable where the district court miscalculates the guidelines range

or selects a sentence based on clearly erroneous facts. *United States v. Adkins*, 729 F.3d 559,

563 (6th Cir. 2013). A sentence may be substantively unreasonable if the district court selects

the sentence arbitrarily, bases the sentence on impermissible factors, or gives unreasonable

weight to any pertinent factor. *Id.*

Mahdi's argument that the district court failed to follow the proper procedure when

departing upward under § 4A1.3 lacks merit because the court explicitly stated that it was

varying upward based on the sentencing factors in 18 U.S.C. § 3553(a), not departing upward

under the guidelines. *See United States v. Grams*, 566 F.3d 683, 686-87 (6th Cir. 2009).

Likewise, Mahdi's argument that the district court failed to properly notify him of its intent to

impose an above-guidelines sentence lacks merit because the notice requirements in Federal Rule

of Criminal Procedure 32(h) apply only to departures, not variances. *See Irizarry v. United

States*, 553 U.S. 708, 714 (2008).

In addition, the district court's factual statements concerning Mahdi's criminal history

were consistent with the facts set forth in the presentence report, which the court could accept as

true because Mahdi did not object to them. *See United States v. Carter*, 355 F.3d 920, 925 (6th

Cir. 2004). Finally, the 48-month sentences were substantively reasonable. Before imposing the

sentences, the district court thoroughly discussed the relevant sentencing factors and rationally concluded that an above-guidelines sentence was warranted based on Mahdi's extensive and violent criminal history and the need to deter future criminal activity and protect the public. The record does not support Mahdi's argument that the court selected his sentence arbitrarily or based it on impermissible factors.

Accordingly, we affirm Mahdi's sentence.