NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0252n.06
No. 14-3985

**FILED**
Apr 08, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| CESAR RODRIGUEZ RENTERIA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE: SILER, MOORE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Cesar Rodriguez Renteria appeals from the criminal judgment imposing a sentence of 20 months of imprisonment for illegally re-entering the United States without permission after a prior felony conviction. He contends that the sentence is both procedurally and substantively unreasonable. Finding no error, we AFFIRM.

## I. BACKGROUND

In June 2014, a grand jury returned an indictment charging Rodriguez Renteria, a Mexican citizen, with illegal re-entry into the United States on or about May 25, 2014, after he had been removed from this country in June 2010 following his conviction of a felony offense. *See* 8 U.S.C. § 1326(a) & (b)(1). The indictment alleged that the defendant had been previously convicted on May 26, 2010, in Cobb County, Georgia, of family violence battery and sentenced

to serve one year in prison, with all but 35 days of the sentence suspended. The defendant pled guilty to the federal indictment pursuant to a written plea agreement.

At the sentencing hearing, the district court applied USSG § 2L1.2 and USSG § 3E1.1 to set the defendant's total adjusted offense level at 10, as agreed by the parties. The Presentence Report (PSR) placed the defendant in criminal history category I by awarding one criminal history point for his 2010 conviction for family violence battery. Because there were other unresolved charges pending against the defendant in two states, however, the government urged the court to depart upward to criminal history category II under USSG § 4A1.3. The government argued that criminal history category I substantially underrepresented the seriousness of the defendant's criminal history and the likelihood that he would commit other crimes.

The district court granted the motion over the defendant's objection and placed him in criminal history category II. At total adjusted offense level 10 and criminal history category II, the applicable guideline range was 8 to 14 months. The court considered the sentencing factors listed in 18 U.S.C. § 3553(a) and varied upward to impose a sentence of 20 months of imprisonment, followed by three years of supervised release. The defendant now appeals.

## II.  STANDARDS OF REVIEW

We will set aside a sentence if we conclude that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007). Our review requires us to examine both the procedural and substantive reasonableness of the sentence chosen by the court. *See United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015). The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing, but the district court must consider the § 3553(a) sentencing factors within the context of the parties' arguments about what an appropriate sentence might be. *Gall*, 552 U.S. at 49–50. The sentence ultimately chosen by the

court may be unreasonable if the court committed significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentence is "procedurally sound," we inquire whether the sentence is substantively reasonable. *See id.* A sentence may be substantively unreasonable if the district court acts arbitrarily in selecting the sentence, considers impermissible factors, fails to take into account the § 3553(a) factors, or gives any pertinent factor an unreasonable amount of weight. *United States v. Griffin*, 530 F.3d 433, 439 (6th Cir. 2008). Where the sentence imposed is outside the applicable guideline range, we may not presume that the sentence is unreasonable, but we "may consider the extent of the deviation . . . giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

## III. ANALYSIS

We turn first to the upward departure under USSG § 4A1.3(a)(2)(D). Because we conclude that the district court did not err procedurally by increasing the defendant's criminal history category from I to II, we will not set aside the sentence on this ground. Our affirmance on this issue rests on the district court's factual findings, the language of § 4A1.3 and its commentary, and our own precedent. We begin with the factual support for the upward departure.

The PSR disclosed that, on June 17, 2013, the defendant, using the alias Cesar Vasquez, was charged in Marietta, Georgia, with driving under the influence of alcohol and with having an open container in his vehicle. The PSR also disclosed a second traffic stop of the defendant on May 25, 2014, in Marysville, Ohio. The defendant, who was then using the alias Adan Valazco Rodriguez, was charged with speeding, open container in the vehicle, no operator's license, and furnishing false information to a police officer.

During the sentencing hearing, the probation officer produced to the district court for examination certain documentation relating to the defendant's 2013 arrest in Georgia and his 2014 arrest in Ohio. These materials established that a breathalyzer test administered to the defendant during the Georgia traffic stop registered the defendant's blood alcohol level as 0.231, far above Georgia's legal limit of 0.08. *See* Ga. Code Ann. § 40-6-391(a)(5). The defendant was released on bond following his arrest, but he failed to appear in court and a warrant was issued for his arrest in February 2014. The arrest warrant remains active. The documentation further established that the police officer who conducted the traffic stop in Ohio thought the defendant was under the influence of alcohol. Although the defendant admitted drinking beer, the police officer did not complete field sobriety testing.

After reviewing the documentation produced by the probation officer, the district court found that the defendant absconded after he was released on bond following his June 2013 arrest in Georgia, resulting in the issuance of a warrant for his arrest. According to the court, the defendant's disappearance explained why the Georgia court had not set a trial date, even though the charges and the arrest warrant against the defendant remained active. Had the defendant not absconded and had he been convicted of the Georgia DUI charge, the court found that the probation officer would have assigned one point to that conviction, placing the defendant in

criminal history category II. The court was unwilling to allow the defendant's decision to abscond to work in his favor at his federal sentencing on the illegal re-entry charge. The court specifically found that the Georgia charges and arrest warrant were pending when the defendant was arrested in Marysville, Ohio in May 2014 and subsequently indicted federally in June 2014 on the illegal re-entry offense.

Based on these factual findings, the district court granted the government's request for an upward departure under policy statement § 4A1.3 and raised the defendant's criminal history category from I to II. The policy statement lists five reasons why a court might appropriately depart upward to a higher criminal history category. One of the specified reasons is that "the defendant was pending trial or sentencing on another charge at the time of the instant offense." USSG § 4A1.3(a)(2)(D). The court determined that the plain language of the policy statement fit the facts before the court.

The district court also appropriately relied on the policy statement's commentary, which provides examples of circumstances warranting an upward departure in the defendant's criminal history category. One example is the "[c]ommission of the instant offense while on bail or pretrial release for another serious offense." USSG § 4A1.3, p.s., comment. (n. 2(A)(iv)). The circumstances of the arrests in Georgia and Ohio support the district court's expressed concerns that the defendant's operation of a motor vehicle while under the influence of alcohol poses serious danger to citizens on the highways. Further, the defendant's commission of multiple crimes and his deception about his identity demonstrate potential recidivism and the likelihood that he would commit further offenses of the same kind.

The defendant urges us to set aside the upward departure, arguing as he did below that the background commentary to § 4A1.3 authorizes an upward departure only "in the limited

circumstances where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism." USSG § 4A1.3, comment. (backg'd). According to the defendant, his case does not present "the limited circumstances" envisioned by § 4A1.3 because criminal history category I did not substantially underrepresent his criminal history. He disclaims knowledge of any trial dates that had been set in connection with the state charges in Georgia or Ohio. Because no trial dates had been set, he contends that he was not "pending trial or sentencing on another charge at the time of the instant offense" and § 4A1.3(a)(2)(D) does not apply. Further, he asserts that nothing about the pending state charges show that he is likely to repeat those crimes.

None of the defendant's arguments persuade us that the upward departure was procedurally unreasonable. We are bound by the district court's factual findings, which are based on record evidence and are not clearly erroneous. *See Gall*, 552 U.S. at 51. Further, when we review the reasonableness of an upward departure under § 4A1.3, we take into account the seriousness of the defendant's prior criminal conduct, the likelihood of recidivism, prior similar conduct the defendant committed as an adult that did not result in criminal conviction, lenient sentences received for previous crimes, whether the sentence will deter future criminal conduct, and the need to isolate the defendant from the community. *See Griffin*, 530 F.3d at 441. We upheld a one-level upward departure under § 4A1.3 where a defendant ignored warrants, committed new crimes while charges were pending against him, and engaged in other conduct evidencing disrespect for law. *United States v. Koeberlein*, 161 F.3d 946, 952 (6th Cir. 1998). Based on our precedent, the language and commentary of § 4A1.3, and the district court's factual findings, we uphold the upward departure of one level from criminal history category I to category II.

Having concluded that the sentence is free of procedural error, we next consider the defendant's argument that the 20-month sentence imposed is substantively unreasonable. With a total adjusted offense level of 10 and a criminal history category of II, the applicable guideline range for the defendant was 8 to 14 months. The defendant requested a sentence of 8 months; the government recommended a sentence of 14 months.

After applying the § 3553(a) sentencing factors, however, the district court determined that a "modest" upward variance from 14 months to 20 months was necessary to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. R. 27, Page ID 72–73. The court articulated its concern that the defendant had repeatedly re-entered the United States after removal by federal authorities and had engaged in criminal activity each time he entered this country illegally. The defendant was first removed to Mexico in June 2009, but he returned to the United States, committed a felony offense in Georgia, and was removed from the country again in June 2010. The defendant returned to the United States and was then arrested in Georgia in June 2013 and in Ohio in May 2014. Apprehended twice with open containers of alcohol in his car, the court was concerned that the defendant's drinking and driving posed a serious risk to law-abiding citizens. A 20-month term of imprisonment was necessary, the court explained, to underscore the seriousness of all aspects of the defendant's conduct, to deter the defendant from engaging in future alcohol-related conduct, to deter the defendant from again re-entering the United States without permission, and to promote respect for American law, particularly where it appeared to the court that previously-imposed sanctions had not been sufficiently severe to command the defendant's respect for law.

The district court adequately explained the reasons for the upward variance, *see United States v. Herrera-Zuniga*, 571 F.3d 568, 587 (6th Cir. 2009), and we affirm the court's decision

to vary upward, *see United States v. Tristan-Madrigal*, 601 F.3d 629, 634–36 (6th Cir. 2010) (affirming upward variance where defendant repeatedly re-entered country illegally and committed DUI offenses posing danger to the public). The court relied on some of the same facts to support the upward departure and the upward variance, but doing so did not undermine the sentence. "[T]he same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance," *United States v. Grams*, 566 F.3d 683, 687 (6th Cir. 2009) (per curiam), and here, the district court separated its analyses of the § 4A1.3 upward departure from the upward variance and adequately justified both. Although we might have decided on a different sentence, that alone is insufficient to justify reversing the district court. *See Gall*, 552 U.S. at 51.

## IV. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.