NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0148n.06

Case No. 19-2491

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 22, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| CRAIG SCHENVINSKY JAMES, | ) | |
| | ) | **OPINION** |
| *Defendant-Appellant.* | ) | |
| | ) | |

BEFORE: McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Defendant Craig Schenvinsky James appeals his 108-month sentence following a plea agreement with the government for his role in a drug trafficking conspiracy. Though his sentencing guidelines range was 70 to 87 months, the district court exercised its discretion to impose a longer sentence after reviewing James's case. James argues that his sentence was neither procedurally nor substantively reasonable, but we disagree. Accordingly, we **AFFIRM**.

## I. BACKGROUND

This case arises from Craig James's involvement with a Michigan drug trafficking enterprise. For about two months before his May 2018 arrest, James supplied this enterprise with over five kilograms of cocaine. James met with his co-conspirators at least nine times to deliver drugs or facilitate drug deals. He also

supplied them with "high grade" marijuana more than once. (R. 699, Presentence Report, PageID 3591.) When law enforcement arrested James at a traffic stop, James possessed marijuana and $4,760.

The government charged James and 26 codefendants with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. In February 2019, James pleaded guilty to the conspiracy charge. As a part of this plea agreement, James acknowledged that the court would make the final determination of his applicable United States Sentencing Guidelines ("USSG") range, with the possibility that the court would impose a sentence above the USSG range. James's Presentence Investigation Report calculated a total offense level of 34 and a criminal history category of VI, making James's guideline imprisonment range 262 to 327 months.[1] This included a five-level increase because James was considered a career offender at the time under U.S.S.G. § 4B1.1(a).

But because James substantially assisted law enforcement by testifying against some of his codefendants, the government moved for a six-level downward departure. U.S.S.G. § 5K1.1. That lowered James's offense level to 28, with a guidelines range of 140 to 175 months—still above the 120-month statutory

---

[1] James has a long criminal history, with multiple drug offenses involving cocaine and marijuana. James's criminal history begins with his first arrest in 1988 at age 19. It includes an arrest in 1998 for attempting to sell cocaine base while armed with a loaded .38 revolver, and an arrest in 2010—when James failed to obey a police officer during a traffic stop, pushed an officer from his moving vehicle, and ultimately fled from police. James was most recently arrested for possession of marijuana in 2015.

minimum—and still under the continuing assumption that James was a career offender.

James was sentenced in December 2019. But around the time that the probation office prepared James's PSR in June 2019, we decided *United States v. Havis*, which held that the guidelines' definition for a "controlled substance offense" does not include "attempt crimes," meaning that drug conspiracy convictions under 21 U.S.C. § 846 would no longer be controlled substance offenses for the purposes of § 4B1.1. 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam). In light of *Havis*, the government acknowledged in its sentencing memorandum that "an argument could be made that *conspiring* to distribute controlled substances is not a controlled substance offense under the guidelines." (R. 987, Gov't 5K Mot. and Sent'g Mem., PageID 6175–76.) And this argument would affect both James's criminal history and offense calculation. Under the government's calculation, James's range, without his classification as a career offender and maintaining the six-level reduction for his cooperation, would be 70 to 87 months.

Still, the government argued for a sentence within the original range. The government claimed that, even if James was not a "*technical* career offender" under the guidelines, "he certainly has made a career out of selling drugs . . . and therefore a sentence within the higher Guideline range of 140 to 175 months is appropriate." (*Id.* at 6176.) Otherwise, the government later argued, *Havis* would amount to "a potential huge windfall" to James and other defendants whose plea bargains had assumed their career-offender status and whose non-career-offender sentences would

not reflect their prominent roles in drug conspiracies. (R. 1213, Sent'g Tr., PageID 11347.) A higher sentence, the government noted, would serve the § 3553(a) factors of deterrence and account for James's long criminal history and the nature of the crime.

James made two main arguments. First, acknowledging that the statutory minimum term was 10 years, he requested that the district court sentence him to 10 years if the government would not release the mandatory minimum at the time of sentencing. But by the time of sentencing, it was clear that the government intended to continue to request a downward adjustment for substantial assistance. So James argued for a further reduction below the § 5K1.1 adjusted range of 70 to 87 months.

The two main guidelines issues facing the trial court at sentencing were whether to apply the career offender provision to James and whether to grant the government's § 5K1.1 motion and release the mandatory minimum. For its part, by the time of the sentencing hearing, the government agreed that the career offender was not applicable under *Havis*. The government continued to argue, however, that a sentence above the applicable 70 to 87 month range should apply.

The trial court concluded that, given *Havis*, the career offender guideline did not apply and granted the government's § 5K1.1 motion for downward departure. As a result, it determined that the relevant guidelines range was 70 to 87 months. But after considering the parties' arguments, hearing from James, and considering the § 3353(a) factors, the court varied upwards four levels to a sentencing range of 100 to

125 months. Then the court chose a 108-month sentence. James appeals the sentence as procedurally and substantively unreasonable.

## II. DISCUSSION

### A. Standard of Review

We review district court sentencing decisions for reasonableness in two respects: procedural reasonableness (the method of arriving at the length of the sentence must be reasonable) and substantive reasonableness (the length of the sentence must be reasonable, considering the totality of the circumstances). *See United States v. Rayyan*, 885 F.3d 436, 440, 442 (6th Cir. 2018). Generally, the standard of review is the deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007).

With regard to procedural reasonableness, a party must object at sentencing to give the trial court a chance to address any alleged error in the first instance. Here, because James did not object when presented the opportunity, we review his procedural reasonableness claim for plain error. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004); *see also* Fed. R. Crim. P. 51–52. Under plain-error review, the onus is on James to show us that (1) the district court erred in (2) an "obvious or clear" fashion that (3) affected his substantive rights and (4) "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation omitted). This is an "extremely deferential" standard meant to prevent a miscarriage of justice. *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018).

In contrast, James did not need to object to the substantive reasonableness of his sentence to preserve that issue for appeal. *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009) (citing *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008)). Thus we review the substantive reasonableness of the district court's sentence for abuse of discretion. *See Gall*, 552 U.S. at 51.

**B. Procedural Reasonableness**

James contends that his sentence was procedurally unreasonable in two ways. First, he says the district court failed to give an adequate explanation for its sentence. And second, he says the district court arbitrarily varied upwards. We reject both arguments.

*1. Insufficient Explanation*

James first argues that the district court failed to adequately explain its chosen sentence. We disagree. For a sentence to be procedurally reasonable, the district court must properly calculate the guidelines range, treat the guidelines as advisory (and not as mandatory), consider the relevant sentencing factors in 18 U.S.C. § 3553(a), not select a sentence based on "clearly erroneous facts," and "adequately explain" the chosen sentence. *Gall*, 552 U.S. at 51. The district court should also consider the opposing arguments for a sentence outside the range. *See United States v. Dunnican*, 961 F.3d 859, 880 (6th Cir. 2020) (citing *Donadeo*, 910 F.3d at 893).

Here, the district court did not err (let alone *plainly* err) in imposing James's sentence. The district court noted its duty to make an individualized assessment and began with the sentencing guidelines as an initial benchmark. It properly treated

these guidelines as advisory, and not mandatory. And it listed the § 3553(a) factors and noted that the sentence must reflect them.

The court also engaged with the arguments of both parties for departures and variances of the sentence outside the guidelines range. First, the court agreed that *Havis* meant James was not a career offender. The court then granted the government's § 5K1.1 motion, bringing the guidelines range down to 70 to 87 months. But the court noted that the government had filed its § 5K1.1 motion believing that James was a career offender. Echoing the government's concerns of a "potential huge windfall" to defendants, the district court noted that *Havis* "obviously is a major benefit [to] the defendant, given the fact that career offender is off the table." (R. 1213, PageID 11347, 11363.) The court decided to "vary upward" from the advisory range "considering the nature and circumstances of [James's] criminal conduct [and] his prior criminal conduct as it relates to drug dealing." (*Id.* at 11364.)

The court addressed the § 3553(a) factors—and James's arguments—in justifying its upward variance and explaining the reasoning behind its sentence. While the court acknowledged that James had made positive strides towards becoming a productive and law-abiding citizen since his involvement in the conspiracy, the court determined that James had not learned the full lesson from his prior convictions, and it varied upwards four levels to the 100 to 125 month range. The court reasoned that "the advisory guideline range of 70 to 87 is inadequate for [the] purposes of just punishment [and] general deterrence of others who might contemplate similar criminal activity." (*Id.*) Taking everything into account, the court

7

settled on a sentence of 108 months, towards the lower end of the sentencing guideline range the court had varied up to.

## 2. Arbitrary Upward Increase

Next, James argues that the district court arbitrarily increased his total offense level from 23 to 27 without providing "a sufficient basis in the record to justify its upward departure, pursuant to Section 4A1.3 of the guidelines." (Appellant's Br. at 16–17.) James's argument confuses variances and departures, missing an important legal distinction.

Courts have more discretion when *varying* (imposing a non-guidelines sentence based on § 3553(a) factors) and less discretion when *departing* (imposing a non-guidelines sentence based on Chapter 5 of the Guidelines). *United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010); *Herrera-Zuniga*, 571 F.3d at 586.[2] When applying the § 3553(a) factors, the district court "may exercise discretion in determining how much of an explanation of the sentence is required" and need only provide "enough explanation to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Jeross*, 521 F.3d 562, 582–83 (6th Cir. 2008) (citation and brackets omitted).

---

[2] Sometimes "the same facts and analyses can . . . be used to justify both a Guidelines departure and a variance, [but] the concepts are distinct." *Tristan-Madrigal*, 601 F.3d at 635 (alteration in original) (quoting *United States v. Grams*, 566 F.3d 683, 687 (6th Cir. 2009)).

The district court did not apply an upward departure but varied upward based on the § 3553(a) factors.[3] The district court explicitly stated that it would vary upward during the Sentencing Hearing, and the court said that it was imposing a variance above the guideline range in its Statement of Reasons.

The district court provided sufficient explanation for its variance. It considered the effect of the post-*Havis* sentencing regime on James's punishment, noting how the shift in James's career offender status undermined everyone's assumptions about James's offense level and caused a dramatically lower guidelines range. The district court varied upward to prevent that shift from undercutting § 3553(a) considerations, such as the seriousness of the crime. The court specifically cited the nature and circumstances of James's offense, James's prior criminal conduct, and the need for just punishment and general deterrence. District courts do not commit reversible error by simply weighing or focusing on a few § 3553(a) factors because a few factors are often most important. *See United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 57; *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007)). Even if the district court "might have said more," the record makes clear that the district court considered the arguments of both parties and the relevant § 3553(a) factors before making its decision. *Rita v. United States*, 551 U.S. 338, 358–59 (2007). We find no plain error in the district court's sentencing procedure.

---

[3] The only departure the district court applied was *downward* under the government's § 5K1.1 motion.

**C. Substantive Reasonableness**

We review the substantive reasonableness of James's sentence for abuse of discretion, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range," and we do not presume that sentences are unreasonable just because they fall outside the guidelines. *Gall*, 552 U.S. at 51. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

A sentence is substantively unreasonable if the district court (1) "arbitrarily selected the sentence," (2) "based the sentence on impermissible factors," (3) "failed to consider pertinent § 3553(a) sentencing factors," or (4) "gave an unreasonable amount of weight to any pertinent factor." *Robinson*, 892 F.3d at 213 (citation omitted). Substantive reasonableness review serves as a safeguard against the few instances in which the sentence, although procedurally sound, would damage the administration of justice because it is shockingly high or low, or otherwise unsupportable. *See United States v. Krul*, 774 F.3d 371, 380 (6th Cir. 2014) (Griffin, J., concurring in the judgment) (citing *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

James argues that neither the facts of the case nor the district court's explanation support the upward variance. He also argues that the district court selected his sentence arbitrarily, that it impermissibly took his pre-*Havis* status as a

10

career offender into account, and that his case is a "mine-run" case warranting closer scrutiny of any upward variance.

We find that the district court reasonably weighed the § 3553(a) factors. The district court did not select the sentence arbitrarily, nor did it impermissibly consider James's pre-*Havis* career offender status. Rather, the district court properly considered the post-*Havis* sentencing guideline recommendation but found it insufficient in light of the relevant § 3553(a) factors.

James also suggests that his case was a "mine-run" drug case that fell within the "heartland" of the guidelines, warranting closer review. *Herrera-Zuniga*, 571 F.3d at 582 (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). When reviewing for substantive reasonableness in mine-run cases, we consider the extent of the deviation—including the percentage of the variance from the specified guidelines range—as well as whether the length of sentence conforms with the goals of § 3553(a), and we ensure that the justification is "sufficiently compelling" to support the degree of variance upon closer review. *United States v. Perez-Rodriguez*, 960 F.3d 748, 755 (6th Cir. 2020).

We do not find James's "mine-run" argument compelling. The court's extensive justification, which we have already discussed, was sufficiently compelling, and the deviation itself was not extreme. The district court can consider prior criminal history when granting a variance. 18 U.S.C. § 3553(a)(1); *see also Dunnican*, 961 F.3d at 881. And the district court provided as its reasons: the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment. 18 U.S.C.

§ 3553(a)(2)(A). The court also properly considered James's own admission that he had been a drug dealer for most of his life. 18 U.S.C. § 3553(a)(1). It also emphasized the just punishment and general deterrence factors listed under § 3353(a)(2). We find that the district court did not give any of these factors unreasonable weight, nor did the district court fail to consider a relevant § 3553(a) factor.

Implicit in James's mine-run argument is a claim that his sentence is substantively unreasonable because it is drastically higher than necessary—James argues that it was "well over the agreed upon guideline[s] range." (Appellant's Br. at 1.) But the mere fact that James's sentence was 25% above the top of James's guidelines range does not make it unreasonable. We have repeatedly stated that we "give considerable deference to a district court's decision about the appropriate length of a sentence." *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018); *accord United States v. Lanning*, 633 F.3d 469, 471–72 (6th Cir. 2011) (affirming an upward variance to a 42-month sentence from a guidelines range of 18 to 24 months in light of a defendant's criminal history as a repeat offender); *United States v. Lopez*, 813 F. App'x 200, 205 (6th Cir. 2020) (holding a 100% increase to be substantively reasonable where the district court adequately addressed the § 3553(a) factors, provided a "detailed rationale for the variance," and imposed a sentence that was otherwise substantively reasonable).

The court also did not err in varying because of "a policy-based disagreement with the Guideline." *Perez-Rodriguez*, 960 F.3d at 755 (citing *Kimbrough*, 552 U.S. at 109–11). The district court did not express a broad-based policy disagreement with

the guidelines; it took issue with the way the intervening legal change dramatically reduced James's sentence. The court explained that, in James's case, this legal shift caused the guidelines range to "not effectuate congressional policy under 28 U.S.C. [§] 994(h) to punish [repeat] offenders at or near the statutory maximum." (R. 1050, Statement of Reasons, PageID 7691.)

We find no issue with the district court's determination that the post-*Havis* guidelines range did not properly represent the § 3553(a) factors when applied to the defendant. Indeed, we have already rejected a similar argument from one of James's codefendants, albeit in an unpublished order. *See United States v. Brown*, No. 19-2490, 2020 U.S. App. LEXIS 34479, at *8 (6th Cir. Oct. 30, 2020) (upholding this same judge's concerns, based on § 3553(a) factors, as "valid reasons for imposing an upward variance" on James's codefendant). Similarly, in *Pyles*, we held that the district court had not abused its discretion by considering a career-offender enhancement that the defendant would have received if some of his convictions were newer or had not been reduced down. *Pyles*, 904 F.3d at 426. Like the present case, those statements did not amount to an impermissible disagreement with the career-offender requirements; it was merely a way to account for the defendant's criminal history.

We will not second-guess the district court's sentencing discretion here. *See Robinson*, 892 F.3d at 216–17 (citing *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)). We find no plain error in the procedural reasonableness of the district court's sentencing decision, nor do we find an abuse of discretion in the substantive reasonableness of the sentence.

13

## III. CONCLUSION

For these reasons, we **AFFIRM** the district court.