NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0475n.06

No. 23-1370

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRANDON DESHAWN JOHNSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**

Nov 14, 2023

KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

---

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Brandon Johnson contends the district court erroneously overlooked his request for a downward departure, rendering his 37-month sentence procedurally unreasonable. We disagree and affirm.

I.

Detroit Police Officers conducted a traffic stop of Johnson, and a resulting inventory search of his car uncovered a loaded handgun in his possession. Johnson's multiple prior felony convictions prohibited him from possessing that firearm, so he was charged with, and ultimately pleaded guilty to, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report calculated Johnson's Guidelines range as 37 to 46 months. Neither party objected to the report, which the district court adopted. Johnson sought a sentence below this range. Relevant to this appeal is how he did so.

In general, a defendant who seeks a sentence below the calculated Guidelines range may ask for either a departure or a variance. These terms "are distinct." *United States v. Grams*, 566 F.3d 683, 687 (6th Cir. 2009) (per curiam). A departure "results from the district court's application of a particular Guidelines provision." *Id.* at 686. A variance, however, results from "the district court's weighing of one or more of the sentencing factors of [18 U.S.C.] § 3553(a)." *Id.* at 686–87. "[T]he same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance." *Id.* at 687.

Here, the presentence report identified—but took no position on—a "potential ground[] for departure" under U.S.S.G. § 5H1.6, the Guidelines' Family Ties and Responsibilities provision. The report noted that Johnson "provides his father with assistance with activities of daily living as his father was diagnosed with cancer, gout and had a hip and knee replacement" and that Johnson "is a significant support to the mother of his children by helping to care for his children."

In his sentencing memorandum and at the sentencing hearing, Johnson cited these family responsibilities as a reason for the district court to impose a sentence below his Guidelines range, but he framed this request as one for a variance. His sentencing memorandum led by "ask[ing] for a variance [down] to 24 months" to account in part for his "family responsibilities, including his young children and disabled father who he helps care for." It then, using the § 3553(a) factors as a rubric, detailed his variance request. Part of the "history and characteristics" section, an apparent reference to § 3553(a)(1), highlighted his care for family members. But toward the end of that section, the memo asserted that "[e]ven apart from this Court's authority to vary based on family circumstances, this Court should consider a departure from the guidelines as proposed by the [presentence report] because of Mr. Johnson's family ties and responsibilities." In support, he

parroted the facts asserted in the report without further discussion or elaboration. Notably, Johnson never filed a motion for a downward departure.

During the sentencing hearing, Johnson repeated—four times—his request for "a variance downward from the [Guidelines] range." He anchored his argument again in the § 3553(a) factors, detailing his upbringing, prior criminal history, disability, and responsibility to care for his father and children. Not once did he ask for a departure. Although he uttered the word "departure," that reference came during his discussion of "the two most compelling reasons for a variance"—his disability and his family responsibilities. He observed that the presentence report recognized his family responsibilities were "a potential reason for a departure" and argued that portion of the report supported his variance request.

Before imposing the sentence, the district court made clear that it considered Johnson's "demonstrated responsibility to his father, girlfriend and children." And it expounded on his care for his children and father, explaining that others commended him for being "a man who takes care of his family." The district court concluded, however, that laudable conduct was hard to square with his criminal conduct (past and present). So it declined to impose a below-Guidelines sentence, selecting instead a term of imprisonment at the bottom end of the range: thirty-seven months. And it did so with a further nod to Johnson's familial circumstances:

> [H]e has demonstrated a dedication to family and an effort to live a law-abiding life, and I do find that Mr. Johnson has made the best of his time on bond to avoid mistakes, and it seems to me that he deserves a lot of credit for his progress in this case. We're still left with a -- an offense that largely seems to me that -- that he can be looked on as someone who has shown a likelihood of succeeding while on supervision.

## II.

Johnson asserts that his sentence is procedurally unreasonable because the district court glossed over his request for a downward departure based on his family responsibilities and ties

under U.S.S.G. § 5H1.6. Reviewing for abuse of discretion, *see United States v. Batti*, 631 F.3d 371, 379 & n.2 (6th Cir. 2011), we disagree.

A district court must consider and explain reasons for why it rejects "nonfrivolous reasons for imposing a different sentence." *Rita v. United States*, 551 U.S. 338, 357 (2007); *see also United States v. Wallace*, 597 F.3d 794, 806 (6th Cir. 2010). "[T]he question is whether '[t]he record makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc) (second alteration in original) (quoting *Rita*, 551 U.S. at 358).

Here, the district court acknowledged and rejected Johnson's request for a variance, and he does not assert error on that front. But did the court's failure to use the word "departure" when it imposed a within-Guidelines sentence render Johnson's sentence procedurally unreasonable? Importantly, his challenge on appeal is not that the district court erroneously denied his request for a departure (which is a decision we cannot review "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure," *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (citation omitted)), but that the district court ignored his request for a departure. Assuming Johnson asked for a departure at all—despite his repeated requests for a variance—we find no procedural error.

First, Johnson's argument for a departure "was not a particularly strong" one. *United States v. Duane*, 533 F.3d 441, 453 (6th Cir. 2008). "Courts are discouraged from reducing a defendant's sentence based on family circumstances unless those circumstances rise to the level of 'exceptional.'" *United States v. Haj-Hamed*, 549 F.3d 1020, 1027 (6th Cir. 2008). A finding of exceptional circumstances requires evidence of several conditions, including that "the defendant's

caretaking or financial support" be "irreplaceable to the defendant's family." *United States v. Christman*, 607 F.3d 1110, 1119–20 (6th Cir. 2010) (quoting § 5H1.6, cmt. 1(B)). Johnson's sentencing memorandum was heavy on the § 3553(a) factors—i.e., variance specific—and devoid of any argument for why his case was "exceptional." Indeed, "neither [Johnson]'s Sentencing Memorandum nor the [presentence report] revealed that [Johnson] was 'irreplaceable.'" *United States v. Krupa*, 2021 WL 4860153, at *4 (6th Cir. Oct. 19, 2021) (affirming a within-Guidelines sentence and rejecting the assertion that the district court did not adequately consider an argument for a downward departure based on family responsibilities); *cf. United States v. Husein*, 478 F.3d 318, 326–29 (6th Cir. 2007) (affirming a downward departure under § 5H1.6 after the district court concluded facts supported the defendant's "irreplaceability"). Johnson's argument at the sentencing hearing was similarly lacking. He did not address any of the conditions for exceptional circumstances under § 5H1.6, acknowledge (let alone respond to) the government's argument regarding the lack of evidence of such circumstances, or even mention any request for a departure.

Second, the district court clearly considered and rejected Johnson's arguments for a below-Guidelines sentence based on his family responsibilities. We have rejected a "magic words" approach to sentencing, one that would require a district court to expressly detail its reasoning for rejecting every argument presented. *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011); *see also United States v. Smith*, 510 F.3d 603, 608 (6th Cir. 2007) ("This court has made it clear that a district court need not explain its reasons for rejecting each argument made by a defendant."). We do not even require district courts to "carefully distinguish" between departures and variances when considering requests to deviate from the Guidelines. *See, e.g.*, *United States v. Herrera-Zuniga*, 571 F.3d 568, 586 (6th Cir. 2009). Moreover, "[d]istrict courts may exercise discretion in determining how much of an explanation of the sentence is required because the amount of

reasoning required varies according to context." *United States v. Jeross*, 521 F.3d 562, 582–83 (6th Cir. 2008) (internal quotation marks omitted). Here, balancing Johnson's criminal conduct with his familial circumstances was the focal point of the sentencing hearing, and the district court's imposition of a within-Guidelines sentence in this circumstance reflects that the district court considered and rejected Johnson's "conceptually straightforward" request for a departure. *Vonner*, 516 F.3d at 388; *see also Rita*, 551 U.S. at 356–57; *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009); *Duane*, 533 F.3d at 453.

## III.

For these reasons, we affirm the district court's judgment.