NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0722n.06

No. 10-1147

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Oct 20, 2011

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| RICHARD MINCH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MOORE and ROGERS, Circuit Judges, and HOOD, District Judge.[*]

ROGERS, Circuit Judge. This case concerns (1) whether defendant Richard Minch received adequate notice that the district court was considering an upward departure from the advisory sentencing guidelines range, pursuant to § 4A1.3 of the federal sentencing guidelines, and an upward variance, pursuant to 18 U.S.C. § 3553(a), (2) whether the Government breached the plea agreement by seeking an upward departure or variance, and (3) whether the sentence imposed was substantively reasonable. Minch pled guilty to interfering with commerce by extortion and to sexually exploiting a minor. The district court determined that, under the federal sentencing guidelines, the sentencing range was from 235 to 293 months' imprisonment. The district court, nevertheless, decided that the guidelines range failed to account for the likelihood that Minch would commit other crimes. The district court therefore imposed an upward departure, pursuant to § 4A1.3, and sentenced Minch to

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

600 months' imprisonment. The district court stated that had it not departed upward, it would have varied from the original guidelines range to the sentence imposed, pursuant to § 3553(a).

Minch's sentence was procedurally reasonable. First, Minch received sufficient notice that the district court was considering a § 4A1.3 upward departure and a § 3553(a) upward variance. Second, the Government did not breach the plea agreement by seeking an upward departure or variance. The district court's sentence was also substantively reasonable.

In August 2008, a thirteen-year-old girl in Nebraska posted an ad on Craigslist seeking babysitting jobs. In November 2008, Minch called the girl and told her that he was with the CIA and wanted to recruit her as an agent. Over the next few months, Minch had many phone conversations with the girl and they exchanged numerous text messages. Eventually, Minch hired a courier to leave a package for the girl at a local park. The package contained a manual that looked like it came from the CIA, instructing the girl to take fully nude pictures of herself. The girl took the pictures, which showed her genitalia, put them back in the package, returned the package to the park, and the courier mailed the package back to Minch. Minch testified that controlling the girl in this way gave him a sexual thrill.

In a separate January 2009 offense, while Minch was at home in Michigan, he called a tanning salon in Ohio, spoke to a female employee, and told her that he was across the street, could see her, and had a gun pointed at her. Minch told the employee that he would shoot her if she did not follow his instructions. Minch told the employee to turn off the "business open" sign and lock the door. Minch then asked the employee what time the salon closed and how much money was in

the cash register.  Minch instructed the employee to remove the money from the cash register.

During the telephone call, the employee sent e-mails to a coworker at another tanning salon and

asked her to call the police.  When the police arrived, the employee terminated the call.

After an FBI investigation, a federal grand jury returned an eighteen-count superseding

indictment against Minch, charging him with these and other crimes.  Minch agreed to plead guilty

to interfering with commerce by extortion, in violation of 18 U.S.C. § 1951, and sexually exploiting

a minor, in violation of 18 U.S.C. § 2251.  The counts carried maximum terms of imprisonment of

twenty years and thirty years, respectively.

In the plea agreement, Minch waived his right to appeal a sentence that was at or below the

guidelines range, but "expressly reserve[d] the right to appeal a sentence that [was] above the

guideline range as the result of any upward departure or variance."  In exchange, the Government

agreed that it would not file an information seeking a mandatory life sentence, pursuant to 18 U.S.C.

§ 3559(c).  Section 3559(c) is a three strikes statute that provides for a mandatory life sentence if a

defendant is convicted of a serious violent felony after previously having been convicted of two or

more serious violent felonies or serious drug offenses.

The Presentence Report (PSR) recommended a total offense level of 33 and a criminal history

category of VI.  According to the PSR, Minch had a thirty-year history of sexually motivated

offenses, including four convictions for indecent exposure and one conviction each for attempted

criminal sexual conduct in the third degree, extortion, trespassing, and failing to register as a sex

offender.  Although only three of these convictions contributed points to Minch's criminal history

calculation, Minch's status as a career offender placed him in the highest criminal history category. The PSR's recommended guidelines range was 235 to 293 months' imprisonment. Neither party objected to this calculation.

The Government then filed a sentencing memorandum and motion for an upward departure and/or variance. The Government argued that Minch's criminal history category did not adequately reflect the seriousness of his criminal past or the likelihood that he would commit other crimes, justifying an upward departure pursuant to § 4A1.3. The Government also argued that the § 3553(a) factors warranted an upward variance. The Government asked the district court to sentence Minch to fifty years' imprisonment.

At the sentencing hearing, after pronouncing the original guidelines range, the district judge stated "I did not discern any requests for a guidelines departure; . . . anything by the government?" The Government then raised its prehearing motion and asked the district court to depart upward to an offense level of 37 and a criminal history category of VI, establishing a new guidelines range of 360 months' to life imprisonment. In addition or in the alternative, the Government asked the district court to vary upward. The Government advocated for a fifty-year sentence.

Minch objected to the Government's motion, arguing that the Government was breaching the plea agreement, which contemplated a sentence at or below the original guidelines range. Minch also argued that he had no notice that the district court was considering a deviation from the original guidelines range. The Government responded by arguing that the plea agreement did not bind it to a sentence within the original guidelines range and that Minch had adequate notice that the district

court would consider an upward departure and variance because the Government filed a motion requesting such action.

The district judge then stated as follows:

> . . . [T]he issue under 4A1.3 I think is one that is well taken by the government, and that is reflected by the defendant who is 49 years old who has a criminal history involving sex offenses going all the way back to when I think he was 18 or 19 years old, and began – when he began exposing himself with some degree of regularity. And his offenses then escalated to attempted [criminal sexual conduct] when he was 31, extortion when he was 33, more indecent exposure, and then failure to register as a sex offender in 19 – when he was 45.
> And I think, . . . in addition to his prior criminal history not being reflective that the Criminal History Category 6 really understates it, to me is borne out in his, the way he has denied in some ways that he is a sex offender in his conversations with the presentence writer.
> I think that it is true that the, his criminal history category, number one, understates the – well, I'm not sure it understates the seriousness because the seriousness is pretty significant – but it certainly understates very clearly the likelihood that Mr. Minch will reoffend. I have, after reading this file, I have no question in my mind that the likelihood that he will reoffend is somewhere off the charts.
> And so the government's motion for a four-level departure is granted, which takes the offense level to 37, and with Criminal History Category 6, the advisory ranges for incarceration are 360 months to life . . . .

The district court then considered the § 3553(a) factors in order to fashion a sentence that was "sufficient but not greater than necessary to comply with the purposes of Section 3553(a)." The district court discussed, at length, the nature and circumstances of the offenses; Minch's history and characteristics; the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment for the offenses, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Minch, and to provide Minch with needed treatment; and the need to avoid unwarranted sentence disparities.

The district court then sentenced Minch to 240 months' imprisonment on the charge of interfering with commerce by extortion and 360 months' imprisonment on the charge of sexually exploiting a minor. The district court ordered Minch to serve these sentences consecutively, for a total sentence of 600 months' imprisonment. The district judge then noted that "even if I had not granted the government's motion for a departure, I would have, based on the statute, varied upward to the sentence I just announced."

Minch filed a timely notice of appeal.

Minch's sentence was procedurally proper, and the district court did not abuse its discretion. First, Minch received sufficient notice that the district court was considering a § 4A1.3 upward departure and a § 3553(a) upward variance. Second, the Government did not breach the plea agreement by seeking an upward departure or variance. Finally, the district court's sentence was substantively reasonable.

First, the Government's motion for a § 4A1.3 upward departure and/or a § 3553(a) upward variance provided Minch sufficient notice that the district court was considering these options. The district court was not required to give Minch additional notice that it was considering a § 4A1.3 upward departure or a § 3553(a) upward variance because Federal Rule of Criminal Procedure 32(h)'s notice requirement only applies when a court "depart[s] from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission." Since the Government filed its motion for a § 4A1.3 upward departure and/or a § 3553(a) upward variance before the sentencing hearing, Minch had reasonable notice that such

deviations from the original guidelines range were possible. *See United States v. Quinlan*, 473 F.3d 273, 279-80 (6th Cir. 2007).

Minch emphasizes the fact that, near the beginning of the sentencing hearing, the district judge said "I did not discern any requests for a guidelines departure; . . . anything by the government?" Minch argues that, like the district court, he was unable to recognize a clear request for a departure or variance. But the district court's statement does not change the fact that the Government's motion provided Minch with sufficient notice that the district court would consider a § 4A1.3 upward departure and a § 3553(a) upward variance at the sentencing hearing.

Further, the district court was not required to give Minch independent notice that it was considering a § 3553(a) upward variance because Rule 32(h) does not apply to § 3553(a) variances. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). In sum, Minch had sufficient notice that the district court was considering a § 4A1.3 upward departure and a § 3553(a) upward variance.

Second, the Government did not breach the plea agreement by seeking an upward departure or variance. The plea agreement contained no provisions binding the Government to a sentence within the original guidelines range and instead, contemplated an upward departure or variance. In the agreement, Minch stated that he understood "that the Court shall make the final determination of the Guideline range that applies in this case, *and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties . . . .*" R. 68, ¶ 7 (emphasis added). Minch also "expressly reserve[d] the right to appeal a sentence that [was] above

the guideline range as the result of any upward departure or variance," underscoring the possibility of an upward departure or variance. *Id.* at ¶ 8.

Minch's only argument is that the Government breached the plea agreement by seeking a fifty-year sentence despite having agreed not to "file an information seeking a mandatory life sentence as provided in Title 18, U.S.C. § 3559(c)." R. 68, ¶ 9. This argument is without merit. The Government's agreement not to seek a mandatory life sentence under the three strikes statute in no way prevented it from moving for an upward departure or variance, even if the departure or variance resulted in a functional life sentence given Minch's age of forty nine. Since there is no evidence that the Government promised Minch that it would not seek an upward departure or variance, Minch's argument that the Government breached the plea agreement is baseless.

Finally, the district court's 600-month sentence was substantively reasonable. Of course, this does not mean that this is the sentence we would have imposed ourselves. The district court reasonably concluded, pursuant to § 4A1.3, that Minch's criminal history category substantially underrepresented the likelihood that he would commit other crimes, justifying an upward departure. *See* U.S.S.G. § 4A1.3(a)(1). This court has said that when we review the reasonableness of a § 4A1.3 upward departure for an abuse of discretion,

> we consider the seriousness of the defendant's past criminal conduct, the likeliness of recidivism, prior similar adult conduct not resulting in criminal convictions, previous lenient sentences for offenses, whether the sentence will have a deterrence on future criminal conduct, the necessity of isolating the defendant from the community and the length of time necessary to achieve rehabilitation, if rehabilitation is possible.

*United States v. Hardy*, 643 F.3d 143,158 (6th Cir. 2011) (quoting *United States v. Griffin*, 530 F.3d 433, 441 (6th Cir. 2008)).

Many of these factors support the district court's decision to depart upward; indeed, the district court considered them in fashioning its sentence. The district court outlined Minch's serious criminal past at sentencing. Minch repeatedly exposed himself to women and girls, attempted criminal sexual conduct with a sixteen-year-old girl, committed extortion, trespassed, and failed to register as a sex offender. Minch's four prior sentences for indecent exposure were not used in computing his criminal history category, further justifying the district court's § 4A1.3 upward departure. *See* U.S.S.G. § 4A1.3(a)(2)(A). The district court found that Minch's likelihood of recidivism is "somewhere off the charts" because of his thirty-year, escalating criminal history. The district court later found that its sentence would deter Minch from further criminal conduct and protect the public. The district court also noted that Minch does not appear to be amenable to treatment. In light of these factors, the district court did not abuse its discretion in granting the Government's motion for a four-level upward departure to an offense level of 37 and a criminal history category of VI, and sentencing Minch within the new guidelines range to 600 months' imprisonment.

Since Minch's original criminal history category was VI, the district court properly "structure[d] the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it [found] a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B). "Moreover, the district court was not required to explain

formalistically, gridblock-by-gridblock, why each intervening range was appropriate. . . . [T]he district court did not err in employing its independent judgment to reach a result that accounted for [the defendant's] unique circumstances." *United States v. Griffin*, 530 F.3d 433, 441 (6th Cir. 2008) (internal citations and quotations omitted).

The 600-month sentence is also reasonable as a § 3553(a) upward variance because the district court thoroughly considered the relevant factors listed in § 3553(a) in imposing Minch's sentence. First, the district court considered the nature and circumstances of the offenses, discussing the underlying facts of each crime and emphasizing the thirteen-year-old girl's victim impact statement. Second, the district court considered Minch's history and characteristics, noting that his "history of sexual deviancy dates back to when he was 18 years old and began exposing himself to women and girls" and his conduct "can be described as bizarre and highly fraught with threats of violence and sexual mayhem." Third, the district court acknowledged the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment. Fourth, the district court considered the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Minch, stating that

> Minch is a dangerous and predatory man who uses the factors of fear and vulnerability in devious and frightening ways. . . . I think he is a ticking time bomb. And that unchecked there's a serious danger that he would act out his threats in a physical way and carry them to the next level.

Fifth, the district court recognized Minch's need for mental health treatment and recommended that he receive a mental health assessment and treatment, as needed. Finally, the district court considered

the need to avoid unwarranted sentence disparities, but noted that "given the seriousness of the crimes and the history of the defendant, I don't think there is any danger in overstating the need for long-term incarceration on the basis of others who commit similar crimes." The district court then highlighted the uniqueness of this case, stating that "this is one of the most disturbing cases I have seen as a judge. . . . [T]his case on its facts, and circumstances, has – it's in the top two or three in terms of how disturbing it is." The district court then balanced the foregoing factors and sentenced Minch to 600 months' imprisonment. The district court thoroughly considered the relevant factors and did not abuse its discretion in finding that § 3553(a) also warranted an upward variance to the sentence imposed.

Moreover, the district court could properly order Minch to serve his two sentences consecutively. Consecutive sentences may be imposed following consideration of the § 3553(a) factors. *See* 18 U.S.C. § 3584. The district court thoroughly considered those factors and did not abuse its discretion by sentencing Minch to consecutive, rather than concurrent, sentences.

For the foregoing reasons, we affirm Minch's sentence.