**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0161n.06

**No. 17-1635**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER RITCHEY,

    Defendant-Appellant.

**FILED**
Mar 28, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

**BEFORE:** **BOGGS, CLAY, and LARSEN, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Christopher Ritchey appeals his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). For the reasons set forth below, we **AFFIRM**.

**BACKGROUND**

This is the second time Defendant has appealed his sentence to this Court. On his first trip to this Court, he successfully argued that his convictions under Michigan's breaking and entering statute, Mich. Comp. Laws § 750.110, were not crimes of violence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This Court vacated his 180-month sentence and remanded the case for resentencing. On remand, the district court imposed an above-Guideline, 72-month sentence. Defendant challenges this sentence on reasonableness grounds.

This Court recounted the facts of the case in Defendant's prior appeal on October 26, 2016 as follows:

> While he was on parole under the supervision of the Michigan Department of Corrections in 2015, a complaint was filed against Ritchey, alleging that he threatened to kill another individual. A parole officer visited Ritchey's home and found a handgun therein.
>
> Ritchey was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and for possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). He pleaded guilty to being a felon in possession of a firearm in exchange for the Government's dismissal of the stolen firearm charge.
>
> The presentence report ("PSR") identified at least six prior convictions Ritchey had for breaking and entering a building with the intent to commit a felony or larceny therein, a felony under Michigan law. *See* Mich. Comp. Laws § 750.110. According to the PSR, each of these convictions qualified as a "violent felony" under ACCA.
>
> The PSR calculated Ritchey's base offense level at 14 under USSG § 2K2.1(a)(6)(A). After a 2–level stolen-firearm enhancement under § 2K2.1(b)(4)(A), Ritchey's adjusted offense level was 16. Because the PSR identified Ritchey as an armed career criminal under ACCA, however, it substituted 33 for the adjusted offense level pursuant to § 4B1.4. Applying a three-level reduction for acceptance of responsibility, the PSR calculated Ritchey's total offense level as 30. The PSR also assigned Ritchey a subtotal criminal history score of 17 based on his prior convictions and applied a 2–point adjustment under § 4A1.1(d) because Ritchey committed the offense of conviction while under a criminal justice sentence. Accordingly, Ritchey's total criminal history score was 19, placing him in Criminal History Category VI. Applying the ACCA-specific provisions of § 4B1.4(c), Ritchey still fell within Criminal History Category VI.
>
> Based on an offense level of 33 and Criminal History Category VI, Ritchey's Guidelines sentencing range was 168 to 210 months of imprisonment. ACCA, however, contains a mandatory minimum sentence of 15 years, so the Guidelines range became 180 to 210 months under § 5G1.1(c)(2).
>
> \*\*\*
>
> Ultimately, the court sentenced Ritchey to the mandatory minimum under the ACCA: fifteen years or 180 months.

*United States v. Ritchey*, 840 F.3d 310, 313–14 (6th Cir. 2016).

In his first appeal, Defendant argued that Michigan's breaking and entering statute, Mich. Comp. Laws § 750.110, did not constitute a "violent felony" under the ACCA. *Id.* at 313. We agreed, finding that the Supreme Court's intervening decision in *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), required the conclusion that "a conviction under § 750.110 cannot serve as a predicate offense under ACCA," *Ritchey*, 840 F.3d at 321, and we remanded the case for resentencing. *Id.* at 322.

On remand, the district court reviewed the original presentence report, the parties' original sentencing briefs, and a new sentencing memo from Defendant. The court also heard from the parties and again heard allocution by Defendant. The court calculated Defendant's base offense level at 14, applied the 2–level stolen-firearm enhancement, and granted a 3–level reduction for acceptance of responsibility, leaving an offense level of 13 and a criminal history category of VI. The resulting Guidelines range was 33–41 months. Neither party objected to the Guidelines calculation. The district court, citing Defendant's "very serious" criminal history, his "raw recidivist behavior," and "a lot of difficulty over the years with people in authority and law enforcement in authority," determined that an upward departure from Defendant's criminal history calculation was warranted and that an upward variance was necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553. (R. 53, Resent. Tr., PageID # 271–72.) The court imposed a sentence of 72 months of imprisonment, 48 months short of the statutory maximum.

Defendant now appeals his sentence.

## DISCUSSION

### Standard of Review

"[W]e review a district court's sentencing determination, 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

### Analysis

In reviewing a sentence or a sentence enhancement, we review first the procedural reasonableness and then the substantive reasonableness of the sentence. *Bolds*, 511 F.3d at 578–81. We begin by "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. This "analysis is the same regardless of whether the sentence enhancement constitutes a Guidelines departure or a § 3553(a) variance." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (citing *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007)).

In this case, we hold that Defendant's sentence was not procedurally unreasonable. First, Defendant received sufficient notice that the district court was considering a departure under § 4A1.3 of the Guidelines. *See* Fed. R. Crim. P. 32(h). Second, the district court correctly calculated the initial Guidelines range, as both parties concede. Third, the court expressly discussed a number of the § 3553(a) sentencing factors, and engaged in an extensive discussion with defense counsel regarding the violent nature of Defendant's offenses. The district court also provided its reasons for its decision in a written memorandum, as required by § 3553(c)(2).

*See* 18 U.S.C. § 3553(c) ("[T]he specific reason for the imposition of a sentence different from that described . . . must . . . be stated with specificity in a statement of reasons form . . . provide[d] . . . together with the order of judgment and commitment."). In any event, defendant does not challenge the procedural reasonableness of his sentence on appeal.

Instead, Defendant's challenge focuses on the second, substantive dimension along which we review a criminal sentence. Sentences are substantively unreasonable when a district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). This Court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," giving "due deference" to the conclusion of the district court that the "sentence imposed is warranted by the § 3553(a) factors." *Bolds*, 511 F.3d at 581 (quoting *Gall*, 552 U.S. at 51). We must be careful to refrain from "substituting our judgment for the district court's as to how long the defendant should serve." *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006).

The district court started with a Guidelines range of 33–41 months' incarceration. The court then determined that the range failed to account for the likelihood that Defendant would re-offend, and it increased Defendant's sentence to 72 months. The court described its enhancement as a "partial[] departure, partial[] variance," and said that it based the enhancement on its conclusion that Defendant's extensive criminal history was "very serious" and was not adequately addressed by his criminal history category. (R. 53, Resent. Tr., PageID # 271, 276.)

"While the same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance, the concepts are distinct." *United States v. Grams*, 566 F.3d 683, 687

(6th Cir. 2009). "A 'variance' refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)." *Id.* at 686–87 (citing *United States v. Smith*, 474 F.3d 888, 896 n.3 (6th Cir. 2007) (Gibbons, J., concurring)). "A Guidelines 'departure' refers to the imposition of a sentence outside the advisory range or an assignment of a criminal history category different than the otherwise applicable category made to effect a sentence outside the range." *Id.* at 686 (citing USSG § 1B1.1(E)). The particular departure the district court used in this case, § 4A1.3(a)(1), allows the court to depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1).

Defendant argues that his resulting 72-month sentence is substantively unreasonable. He asserts that the district court based its decision to depart and vary upward on the erroneous conclusion that Defendant was convicted of a "crime of violence" under the Supreme Court's ACCA jurisprudence. He also asserts that the district court failed to consider the nonviolent manner in which Defendant committed his offenses. In making both arguments, Defendant seems to hang his hat on his mistaken belief that the district court based its sentence on the general nature of a "generic burglary" offense rather than on Defendant's particular offense and characteristics. This interpretation of the district court's analysis is entirely inconsistent with the record and is nothing more than an attempt to extend the scope of his prior victory in this Court.

As for his first claim, Defendant latches onto the district court's comment that he "actually committed crimes that within the Supreme Court['s] view . . . would amount to generic burglary." (R. 53, Resent. Tr., PageID # 256.) He asserts that this comment shows that the district court erroneously applied something like the ACCA's categorical approach to conclude

that Defendant was convicted of "generic burglary," and then based its upward variance on the fact that "generic burglary" is a "crime of violence" under the ACCA. But Defendant fails to recognize the statement's context. The court made that statement in response to defense counsel's contention that, based on the Sixth Circuit's decision, "[n]one of [Defendant's] convictions are for crimes of violence." (R. 53, Resent. Tr., PageID # 255 (discussing *Ritchey*, 840 F.3d 310).) The district court explained that this was not an accurate characterization of the Sixth Circuit's opinion and that—although certain crimes may not categorically be considered crimes of violence under the Supreme Court's ACCA jurisprudence—that does not prevent a district court from finding them violent for the purposes of § 3553(a). Indeed, the court explained that Defendant's threatening altercation—the altercation that precipitated the search that led to his gun charge—was part of a "pattern of conduct . . . [that] regardless of whether we label it 'crime of violence' is prevalent in the description of prior behavior." (*Id.* at PageID # 273.) Further, Defendant's argument is beside the point because it is clear that the violent nature of Defendant's offenses was not the court's primary reason for increasing Defendant's sentence.

The primary basis for the district court's enhancement was Defendant's extensive criminal history, which the district court found to be "very serious" and not adequately addressed by his criminal history category. (*Id.* at PageID # 271.) The court explained as follows:

> [Defendant's criminal history] involves at least I think it was seven separate counts of conviction in six cases for breaking and entering a building with intent ranging from barns, in some cases attached to a dwelling and in some cases not, and stores. Not all but a lot of them involved theft of firearms themselves. And that strikes me as a problem in itself. But more than that a problem just in the raw recidivist behavior of it. You know, so it starts in '06 and '07, three convictions spread over that time period, and then a bunch more in 2010. Plus two of the receiving stolen properties which were originally charged as breaking and entering with intent. At least one of them. It's a pattern of behavior that no matter what the state court imposed by way of prison sanction didn't change. And in fact when Mr. Ritchey was convicted here, he was on parole from the state for one of those convictions. That's troubling. And I don't think that even a

category VI takes that into account. I think that pattern of behavior bespeaks a greater risk of recidivist behavior and a greater level of seriousness than VI calls for.

(*Id.* at PageID 271–72.) In short, when Defendant was arrested for his felon in possession charge, he had such an extensive criminal record that it led the district court to conclude that "before [he] went federal . . . the only time the public was safe was when he was in custody, since when he was out he was violating the law in significant ways." (R. 53, Resent. Tr., PageID # 273.) The district court clearly explained that this was its main reason to depart upward under the Guidelines and to apply an upward variance under the § 3553(a) sentencing factors. The court also cited Defendant's "difficulty over the years with people in authority and law enforcement in authority." (R. 53, Resent. Tr., PageID # 272.)

The court therefore found that Defendant's history and characteristics led to a "worry" that "at the guideline range of 33 to 41 months we haven't really adequately accounted for the specific deterrence that's needed and the protection of the public that's needed . . . " (*Id.*; *See also id.* at PageID # 276 (again citing "the need for specific deterrence and public protection" as the "primary drivers" of the court's decision to vary upward).) Since Defendant's original criminal history category was VI, the district court explained that its procedure was to "move up a level of offense until you reach a point where you think you're appropriately punishing the behavior." (*Id.* at PageID # 272); *See* USSG § 4A1.3(a)(4)(B). "[T]he district court was not required to explain formalistically, gridblock-by-gridblock, why each intervening range was appropriate . . . . [And] the district court did not err in employing its independent judgment to reach a result that accounted for [the defendant's] unique circumstances." *United States v. Minch*, 438 F. App'x 485, 491 (6th Cir. 2011) (quoting *United States v. Griffin*, 530 F.3d 433, 441 (6th Cir. 2008) (internal citations and quotations omitted)).

From our vantage point, we cannot say that it was unreasonable for the district court to conclude, pursuant to § 4A1.3, that Defendant's criminal history category substantially underrepresented the likelihood that he would commit other crimes, thereby justifying an upward departure. *See* USSG § 4A1.3(a)(1). Moreover, as shown by the district court's explicit reference to "protecting the public" and "specific deterrence" and the district court's extensive review of Defendant's "history and characteristics," the district court's analysis also supports the 72-month sentence as a reasonable "partial[] variance" under the § 3553(a) sentencing factors. In imposing its sentence, the district court was careful to consider mitigating conditions, such as Defendant's relationship with his family and the role that his prior drug addiction played in his past criminal behavior, and the court credited the strides toward rehabilitation that Defendant made while in prison. The court nonetheless concluded, after weighing all considerations, that an above-Guidelines sentence—still well below the statutory maximum—was warranted.

As for Defendant's second and related claim, he says that "[r]ather than simply treating [Defendant's offenses] generically as violent offenses, the district court should have looked at the underlying circumstances." (Brief for Appellant at 15.) But the district court clearly did look at the underlying circumstances of Defendant's offenses. Indeed, the nature of his offenses was described in detail in the presentence report, and discussed extensively and carefully considered at both his sentencing and resentencing hearings. (*See* R. 42, Sent. Tr., PageID # 203 ("Regardless of what was in his mind when he went to the garage and regardless what he might have thought, it is simply a flatout [sic] risky thing to go into a garage, occupied or otherwise. Particularly when you're taking out things that are themselves firearms in some cases and are just simply on another person's and in another person's property. Regardless of what your intent is, the very risk of harm and violence is magnified in those situations."); R. 53, Resent. Tr.,

PageID # 271–72 (discussing Defendant's criminal history and concluding, "It involves at least I think it was seven separate counts of conviction in six cases for breaking and entering a building with intent ranging from barns, in some cases attached to a dwelling and in some cases not, and stores.  Not all but a lot of them involved theft of firearms themselves.").)  There is no indication that the district court based its sentence on the general nature of Defendant's offenses, rather than his particular conduct.

Therefore, Defendant's sentence is neither procedurally nor substantively unreasonable, and the district court did not abuse its discretion by imposing an above-Guidelines sentence.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is **AFFIRMED**.